O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV10-09496 ODW (CWx) | Date | March 23, 2011 |
| Title | *Anita Harris v. Wells Fargo Home Mortgage* | | |

| | |
|---|---|
| Present: | The Honorable Otis D. Wright II, United States District Judge |

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

| **Proceedings (In Chambers):** | **Order GRANTING Defendant's Motion to Dismiss [5] [Filed 2/7/11]** |
|---|---|

## I.   INTRODUCTION

Pending before the Court is Defendant, Wells Fargo Home Mortgage's ("Defendant"), Motion to Dismiss Plaintiff, Anita Harris's ("Plaintiff"), Complaint. (Dkt. No. 5.) Plaintiff's Opposition was due on February 28, 2011, yet Plaintiff failed to timely file her Opposition, and waited until March 11, 2011 to do so. (Dkt. No. 6.)  While such an untimely response may be deemed consent to the granting of the Motion, the Court has nevertheless considered both Defendant's arguments in support and Plaintiff's arguments in opposition.  *See* L.R. 7-9; L.R 7-12.  The Court deems the matter appropriate for decision without oral argument, and for the reasons discussed below, hereby **GRANTS** Defendant's Motion to Dismiss.  FED. R. CIV. P. 78.

## II.   FACTUAL BACKGROUND

On June 20, 2007, Plaintiff refinanced her residential property located at 32614 Coastline Drive Rancho Palos Verdes, California (the "Subject Property") through a loan obtained from Wells Fargo Bank, N.A.[1] in the amount of $573,750.00. (Compl. ¶¶ 7, 10, 11.)

---

[1] Plaintiff's Complaint names Wells Fargo Home Mortgage as the lender.  However, Wells Fargo Home Mortgage is, in fact, the servicer of the loan.  (Def's RJN, Exh. 2.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-09496 ODW (CWx) | Date | March 23, 2011 |
|---|---|---|---|
| Title | *Anita Harris v. Wells Fargo Home Mortgage* | | |

The loan, a thirty-year fixed mortgage at seven percent interest, was secured by a deed of trust encumbering the Subject Property. (*Id.* ¶11; Def's RJN, Exh. 1.)[2] Plaintiff alleges that she entered into the refinancing agreement "not knowing that by continuing to make the initial monthly payment based on the low introductory interest rate, negative amortization would occur." (Compl. ¶ 9.) Plaintiff further alleges that she "was not made aware of higher monthly payment options, and these options were not clearly provided in documentation to [her]." (Compl. ¶ 10.)

Plaintiff failed to make her payment on September 1, 2008 and every month thereafter until a Notice of Default was recorded against the Subject Property on September 14, 2009. (Compl. ¶ 16; Def's RJN, Exh. 2.) Subsequently, on December 15, 2009, a Notice of Trustee's Sale was recorded, but the sale of the Subject Property has yet to occur. (Def's RJN, Exh. 4.)

As a result of the foregoing, on June 28, 2010, Plaintiff filed a Complaint in Los Angeles Superior Court, asserting twelve causes of action against Defendant.[3] Defendant

---

[2] In support of its Motion to Dismiss, Defendant requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the following documents: (1) a Deed of Trust, recorded on July 5, 2007, in the Los Angeles County Recorder's Office, bearing instrument number 20071597097; (2) a Notice of Default and Election to Sell Under Deed of Trust, recorded September 14, 2009, in the Los Angeles County Recorder's Office, bearing instrument number 20091397027; (3) a Substitution of Trustee, recorded on October 19, 2009, in the Los Angeles County Recorder's Office, bearing instrument number 20091576408; and (4) a Notice of Trustee's Sale, recorded on December 15, 2009, in the Los Angeles County Recorder's Office, bearing instrument number 20091904636. (Dkt. No. 5-1.) When considering a 12(b)(6) motion to dismiss, a court may take judicial notice of a document that is a matter of public record, provided the document is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)); FED. R. EVID. 201(b). While such undisputed "matters of public record" are subject to judicial notice on a motion to dismiss, disputed facts stated in those public records are not. *See Lee*, 250 F.3d at 689. In light of the foregoing, the Court takes judicial notice as far as it considers each document in its reasoning as set forth below.

[3] The twelve causes of action are for: (1) violation of the Truth in Lending Act; (2) violation of the Real Estate Settlement Procedures Act; (3) negligence; (4) violation of unfair and deceptive

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-09496 ODW (CWx) | Date | March 23, 2011 |
|---|---|---|---|
| Title | *Anita Harris v. Wells Fargo Home Mortgage* | | |

removed this action to federal court on December 10, 2010, pursuant to 12 U.S.C. § 1331. Defendant now brings the instant Motion to Dismiss Plaintiff's Complaint in its entirety.

### III. DISCUSSION

#### A. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

---

practices laws; (5) breach of fiduciary duty; (6) fraud; (7) violation of the Consumer Legal Remedies Act; (8) breach of the implied covenant of good faith and fair dealing; (9) negligent infliction of emotional distress; (10) intentional infliction of emotional distress; (11) elder abuse; and (12) declaratory relief. (Compl. at 1.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-09496 ODW (CWx) | Date | March 23, 2011 |
|---|---|---|---|
| Title | *Anita Harris v. Wells Fargo Home Mortgage* | | |

**B.    TRUTH IN LENDING ACT**

The Truth in Lending Act ("TILA") was enacted "to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a). "[T]he Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 872 (N.D. Cal. 2010) (quoting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998)). TILA grants a borrower the right to civil damages, which must be brought within one year from the date on which the transaction underlying the alleged violation is consummated. 15 U.S.C. §§ 1635(f), 1640(a), (e); *Conder v. Home Sav. of Am.*, No. CV 077051 AG (CTx), 2010 WL 2486765, at *2-3 (C.D. Cal. June 14, 2010) (citing *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986)).

Plaintiff claims that Defendant violated TILA in three ways: (1) by failing to accurately and sufficiently disclose finance charges; (2) by failing to provide a Good Faith Estimate within three days; and (3) by failing to provide a Consumer Handbook on Adjustable Rate Mortgages or a suitable substitute. (Compl. ¶¶ 38-40.) As a result of these alleged violations, Plaintiff asserts a monetary damages claim under TILA. (Compl., Prayer, at 20-21.) Defendant argues that Plaintiff's claim for monetary damages is barred by the statute of limitations. (Mot. at 5.) Plaintiff counters that because she is asserting a right of recoupment, her claim is not barred by the statute of limitations. (Opp'n at 4.)

Recoupment is "a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." *Alakozai v. Valley Credit Union*, No. C10-02454 HRL, 2010 WL 5017173, at *2 (N.D. Cal. Dec. 3, 2010) (quoting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415 (1998)). TILA provides that the one-year statute of limitations on damages claims "does not bar a person from asserting a [TILA] violation *in an action to collect the debt* . . . as a matter of *defense* by recoupment or set-off in such action, except as otherwise provided by State law." 15 U.S.C. § 1640(e) (emphasis added). The Court must, therefore, determine if Defendant's non-judicial foreclosure is an "action" and, relatedly, whether Plaintiff's claim properly may be characterized as a "defense" to such "action."

The general rule is that "[w]hen the debtor hales the creditor into court, the claim by

Case 2:10-cv-09496-ODW-CW Document 13 Filed 03/23/11 Page 5 of 8 Page ID #:160

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-09496 ODW (CWx) | Date | March 23, 2011 |
|---|---|---|---|
| Title | *Anita Harris v. Wells Fargo Home Mortgage* | | |

the debtor is affirmative rather than defensive." *See Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1165 (S.D. Cal. 2009). Specifically, in non-judicial foreclosure cases, federal district courts in California conclude that "non-judicial foreclosures are not 'actions' as contemplated by TILA."[4] *Ortiz*, 639 F. Supp. 2d at 1165 (S.D. Cal. 2009); *Alakozai*, 2010 WL 5017173, at *3; *Lima v. Wachovia Mortg. Corp.*, No. C09-4798TEH, 2010 WL 1223234, at *5-6 (N.D. Cal. Mar. 25, 2010). Indeed, TILA itself defines an "action" as a court proceeding. *Ortiz*, 639 F. Supp. 2d at 1165 (citing 15 U.S.C. § 1640(e)). Thus, insofar as Plaintiff asserts recoupment in response to Defendant's non-judicial foreclosure, her claim is not properly deemed a "defense" to an "action" for purposes of avoiding the applicable statute of limitations.

Because Plaintiff alleges that she refinanced her loan on June 20, 2007, (Compl. ¶ 10), and the Court has found that she cannot properly assert a right of recoupment, her damages claim should have been filed no later than June 20, 2008. Plaintiff's Complaint, however, was filed on June 28, 2010. (Dkt. No. 1.) Accordingly, on its face, Plaintiff's claim for damages is barred as a matter of law. Furthermore, Plaintiff fails to allege that equitable tolling should apply in this case. Accordingly, the Court finds that Plaintiff's claim for damages under TILA is barred by the statute of limitations. Because Plaintiff may be able to allege facts to support equitable tolling, however, her TILA claims are **DISMISSED WITHOUT PREJUDICE**.

### C. REAL ESTATE SETTLEMENT PROCEDURES ACT

The Real Estate Settlement Procedures Act ("RESPA") was enacted to ensure that "consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the [real estate] settlement process and are protected from unnecessarily high settlement charges." 12 U.S.C. § 2601(a). To effectuate these objectives, RESPA requires advance disclosure of settlement costs, the elimination of kickbacks or

---

[4] While Plaintiff cites to one case in which a court allowed a debtor plaintiff to assert a right of recoupment because it was used defensively, the case is factually distinguishable from the instant action. (*See* Opp'n at 4-5.) In *Matter of Coxson*, the court found that because the defendant offered a proof of claim in the bankruptcy court, which constituted "an action to collect the debt," the plaintiff's separate civil action in response was defensive. *Matter of Coxson*, 43 F.3d 189, 194 (5th Cir. 1995). Here, Plaintiff's filing of her Complaint was the first action and, as such, was offensive.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-09496 ODW (CWx) | Date | March 23, 2011 |
|---|---|---|---|
| Title | *Anita Harris v. Wells Fargo Home Mortgage* | | |

referral fees, and a reduction of the amount that buyers are required to place in escrow accounts for taxes and insurance. 12 U.S.C. § 2601(b). Here, Plaintiff states a myriad of RESPA claims, which fall into two broad categories: (1) those that do not provide for a private right of action and (2) those that are barred by the statute of limitations. The Court will address the claims accordingly.

> 1. **Neither 12 U.S.C. Section 2603 Nor Section 2604 Provide for a Private Right of Action**

Plaintiff asserts that Defendant (1) failed to provide a Good Faith Estimate within three days; (2) charged higher fees than estimated for the origination charge; and (3) charged higher fees than estimated for services. (Compl. ¶¶ 42, 44, 45.) Each of these claims derives from 24 C.F.R. § 3500.7, a violation of which is deemed a violation of 12 U.S.C.§ 2604. *See* 24 C.F.R. 3500.7(I). Section 2604, however, does not provide a private right of action. *See Allan v. GreenPoint Mortg. Funding*, 730 F. Supp. 2d 1071, 1076 (N.D. Cal. 2010) (citing *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997); *Urbina v. Homeview Lending Inc.*, 681 F. Supp. 2d 1254, 1259 (D. Nev. 2009); *Bloom v. Martin*, 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994)). Similarly, Plaintiff claims Defendant failed to provide a HUD-1 Settlement Statement at or before settlement in violation of 12 U.S.C. § 2603(a). (*See* Compl. ¶ 43.) Like section 2604, however, section 2603 does not provide a private right of action. *See, e.g.*, *GreenPoint Mortg. Funding*, 730 F. Supp. 2d at 1076. Consequently, Plaintiff's claims under section 2603 and section 2604 are hereby **DISMISSED WITH PREJUDICE**.

> 2. **The Statute of Limitations Has Run With Respect to Plaintiff's 12 U.S.C. Sections 2605, 2607, and 2608 Claims**

Plaintiff asserts that Defendant failed to provide the Mortgage Servicing Disclosure Statement to Plaintiff within three days, as required under 24 C.F.R. sections 3500.21 (b)(1), 3500.21 (b)(2), and 3500.21 (c), which correspond to 12 U.S.C. § 2605. Plaintiff's claim fails for two reasons. First, a private action for violation of section 2605 must be brought within three years of the date of occurrence of the violation. 12 U.S.C. § 2614. The violation in the instant case, if any, occurred on or about June 20, 2007, when the refinancing agreement was effectuated. Plaintiff, however, did not file her Complaint until June 28, 2010. Accordingly, on its face, Plaintiff's section 2605 claim is barred as a matter of law.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-09496 ODW (CWx) | Date | March 23, 2011 |
|---|---|---|---|
| Title | *Anita Harris v. Wells Fargo Home Mortgage* | | |

While Plaintiff asserts the same arguments regarding recoupment in an attempt to avoid the statute of limitations, (Opp'n at 4-6), the Court has already determined that recoupment does not apply. Second, Plaintiff's section 2605 claim is substantively deficient. Failure to comply with 24 C.F.R. section 3500.21 results in liability for each instance in "an amount equal to the sum of any actual damages sustained by the individual as the result of the failure and, when there is a pattern or practice of noncompliance with the requirements of this section, any additional damages in an amount not to exceed $1,000." 24 C.F.R. § 3500.21(f)(1)(I). Plaintiff fails to allege any actual damage as a result of Defendant's alleged failure to provide the Disclosure Statement. Furthermore, if such damage exists, Plaintiff fails to state its nature and extent. Additionally, Plaintiff does not allege any pattern or practice of such behavior on the part of Defendant. In light of the foregoing, Plaintiff's claim under section 2605 fails as a matter of law. Because Plaintiff may be able to amend her Complaint to overcome the statute of limitations and may allege facts to support actual damage, her Section 2605 claim is **DISMISSED WITHOUT PREJUDICE**.

Next, Plaintiff contends that Defendant gave or received fees or other valuable consideration for referrals of settlement business in violation of 12 U.S.C. § 2607. (Compl. ¶ 46.) Plaintiff further alleges that Defendant required Plaintiff to use the services of a title company and appraiser selected by Defendant as a condition of sale in violation of 12 U.S.C. § 2608. (Compl. ¶¶ 47-48.) A private action for violation of either section 2607 or section 2608 must be brought within one year of the date of occurrence of the violation. 12 U.S.C. § 2614. The violation in the instant case, if any, occurred on or about June 20, 2007, when the refinancing agreement was effectuated. Plaintiff did not file her Complaint until June 28, 2010, almost three years later and long after the statute of limitations would have expired. Plaintiff asserts the same arguments regarding recoupment in an attempt to avoid the statute of limitations. (Opp'n at 4-6.) However, as discussed above, recoupment is not applicable in the instant case. Because of the three-year differential, the Court is of the opinion that Plaintiff would not be able to overcome the statute of limitations, even if given leave to amend. Consequently, Plaintiff's claim under sections 2607 and 2608 are hereby **DISMISSED WITH PREJUDICE**.

**D. JURISDICTION OVER STATE LAW CLAIMS**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-09496 ODW (CWx) | Date | March 23, 2011 |
|---|---|---|---|
| Title | *Anita Harris v. Wells Fargo Home Mortgage* | | |

In addition to her federal claims, Plaintiff alleges various state law claims. Defendant removed this case on the basis of federal question jurisdiction pursuant to 12 U.S.C. § 1331 and the Court has dismissed each of Plaintiff's federal claims. Because the Court has granted limited leave to amend, however, it is unclear whether Plaintiff will be able to state a federal claim under 28 U.S.C. § 1331. Until such time as Plaintiff can establish a federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Lemperle*, 2010 WL 3958729, at *5 (citing *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001)). Consequently, the Court will not, at this time, engage in a detailed analysis of Plaintiff's state law claims.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's RESPA claims under 12 U.S.C. §§ 2603, 2604, 2607, and 2608 are **DISMISSED WITH PREJUDICE**. Plaintiff's RESPA claim under 12 U.S.C. § 2605 and Plaintiff's TILA claims are **DISMISSED WITHOUT PREJUDICE**. As to the claims for which the Court has granted limited leave to amend, Plaintiff shall have twenty (20) days from the date of this Order to amend her Complaint, if she can, in good faith, allege facts to support those claims. If Plaintiff fails to do so, all claims will be dismissed with prejudice.

**IT IS SO ORDERED**.

|  | ---- | : | 00 |
|---|---|---|---|
| Initials of Preparer | RGN | | |